Jeffrey G. Maxwell, ABA #1705026
McKenzie Rothwell Barlow & Coughran, P.S.
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
jeffreym@mrbclaw.com

Counsel for the Plaintiff
Alaska Carpenters Trust Funds

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA CARPENTERS HEALTH AND WELFARE TRUST FUND; SOUTHERN ALASKA CARPENTERS RETIREMENT FUND; ALASKA CARPENTERS DEFINED CONTRIBUTION TRUST FUND; and ALASKA REGIONAL COUNCIL OF CARPENTERS APPRENTICESHIP AND TRAINING TRUST FUND,<br><br>                Plaintiffs,<br>   v.<br><br>ARETE CONSTRUCTION CORPORATION, an Alaska corporation,<br><br>                Defendant. | Case No.<br><br>COMPLAINT FOR MONETARY DAMAGES |

## I. **PARTIES**

1.1  Plaintiff Alaska Carpenters Health and Welfare Trust Fund ("Carpenters Health Trust") is a Taft-Hartley trust fund established to create and administer one or more employee welfare benefit plans for participating employees and their beneficiaries. The Carpenters Health Trust maintains its principal office in Anchorage, Alaska.

1.2  Plaintiff Southern Alaska Carpenters Retirement Fund ("Carpenters Retirement Trust") is a Taft-Hartley trust fund established to create and administer one or more employee

COMPLAINT FOR MONETARY DAMAGES – 1
Alaska Carpenters Trust Funds v. Arete Construction Corporation

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:19-cv-00259-JWS   Document 1   Filed 09/26/19   Page 1 of 9

pension benefit plans for participating employees and their beneficiaries. The Carpenters Retirement Trust maintains its principal office in Anchorage, Alaska.

1.3  Plaintiff Alaska Carpenters Defined Contribution Trust Fund ("Carpenters Defined Contribution Trust") is a Taft-Hartley trust fund established to provide an employee pension plan for the participating employees and their beneficiaries. The Carpenters Defined Contribution Trust maintains its principal office in Anchorage, Alaska.

1.4  Plaintiff Alaska Regional Council of Carpenters Apprenticeship and Training Trust Fund ("Carpenters Apprenticeship Trust") is a Taft-Hartley trust fund established to provide and maintain the training and education of apprentices and journeymen. The Carpenters Apprenticeship Trust maintains its principal office in Anchorage, Alaska.

1.5  The Plaintiffs are commonly referred to collectively as the Alaska Carpenters Trust Funds.

1.6  Defendant Arete Construction Company is an Alaska corporation with its principal place of business in Juneau, Alaska.

## II. JURISDICTION AND VENUE

2.1  This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1132(e)(1).

2.2  Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2).

## III. FACTS

3.1  On or about July 1, 2008, Ed Sessions, identifying himself as "President," executed a Memorandum Agreement on behalf of Arete Construction Corporation ("Arete") with the Alaska

COMPLAINT FOR MONETARY DAMAGES – 2
Alaska Carpenters Trust Funds v. Arete Construction Corporation

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:19-cv-00259-JWS   Document 1   Filed 09/26/19   Page 2 of 9

Regional Council of Carpenters (the "Union").[1]  By signing the Memorandum Agreement, Arete bound itself to the

> [W]ages, hours, and working conditions set forth in the current agreements between the Associated General Contractors of Alaska ("AGC"), Millwright Employers Association, Inc. (MEA) and Locals 2520, 1281, 1501, 2247, and 1242 of the United Brotherhood of Carpenters, and any future modifications, extensions, or renewals thereof (the "Local Agreements").

3.2     At the time the Memorandum Agreement was signed, the current labor agreement in effect was the *Agreement between Associated General Contractors of Alaska and the Alaska Regional Council of Carpenters and its Affiliated Local Unions*, effective September 1, 2004 – June 30, 2008 (the "Master Labor Agreement").

3.3     The Memorandum Agreement contains an evergreen clause.  The Master Labor Agreement also contains an evergreen clause.  The current Master Labor Agreement in effect is the *Agreement between the Associated General Contractors of Alaska, Inc. and the Pacific Northwest Regional Council of Carpenters*, effective July 1, 2017 – June 30, 2020.  Its predecessor agreement, effective July 1, 2014 – June 20, 2017, is also relevant to certain of the Alaska Carpenters Trust Funds' claims.

3.4     By becoming party to the Master Labor Agreement, Arete agreed to the written terms and conditions of the trust agreements that comprise the Plaintiffs.  Arete also agreed to report and make fringe benefit contributions to the Alaska Carpenters Trust Funds.

3.5     The Alaska Carpenters Trust Funds are beneficiaries under the terms of the Memorandum Agreement and the Master Labor Agreement.

---

[1] The Alaska Regional Council of Carpenters has since merged into the Pacific Northwest Regional Council of Carpenters.

COMPLAINT FOR MONETARY DAMAGES – 3
Alaska Carpenters Trust Funds v. Arete Construction Corporation

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:19-cv-00259-JWS   Document 1   Filed 09/26/19   Page 3 of 9

3.6 By executing the Memorandum Agreement, as discussed above, Arete agreed to the terms of the (i) Alaska Carpenters Health & Welfare Trust Fund; (ii) Alaska Carpenters Defined Contribution Trust; (iii) Southern Alaska Carpenters Defined Benefit Plan; and (iv) Alaska Regional Council of Carpenters Apprenticeship and Training Trust Fund.

3.7 Arete's obligations under the Carpenters Health Trust are set forth in Article IX, Sections 1 – 9 of the *Trust Agreement Governing the Alaska Carpenters Health and Welfare Trust Fund*, dated July 14, 2006, and as amended. Under the Carpenters Health Trust, Arete agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twenty percent (20%) on all delinquent contributions;

- Payment of interest of twelve percent (12%) on all delinquent contributions from the due date until the date of payment; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.8 Arete's obligations under the Carpenters Retirement Trust are set forth in Article IX, Sections 1 – 9 of the *Trust Agreement Governing the Southern Alaska Carpenters Retirement Fund*, dated December 9, 1986, and as amended. Under the Carpenters Retirement Trust, Arete agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

COMPLAINT FOR MONETARY DAMAGES – 4
Alaska Carpenters Trust Funds v. Arete Construction Corporation

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:19-cv-00259-JWS   Document 1   Filed 09/26/19   Page 4 of 9

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twenty percent (20%) on all delinquent contributions;

- Payment of interest of twelve percent (12%) on all delinquent contributions from the due date until the date of payment; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.9 Arete's obligations under the Carpenters Defined Contribution Trust are set forth in Article II, Sections 7 – 12 of the *Trust Agreement Establishing the Alaska Carpenters Defined Contribution Trust Fund*, dated July 1, 2006, and as amended. Under the Carpenters Defined Contribution Trust, Arete agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of eighteen percent (18%) on all delinquent contributions from the due date until the date of payment; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.10 Arete's obligations under the Carpenters Apprenticeship Trust are set forth in Article II, Sections 7 – 9, and Article IV, Section 4 of the *Trust Agreement the Alaska Regional Council of Carpenters Apprenticeship and Training Trust*, dated April 1, 2012. Under the Carpenters Apprenticeship Trust, Arete agreed to, among other things:

COMPLAINT FOR MONETARY DAMAGES – 5
Alaska Carpenters Trust Funds v. Arete Construction Corporation

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:19-cv-00259-JWS   Document 1   Filed 09/26/19   Page 5 of 9

- Submit its reports on or before the 15th day of the calendar month in which the contributions become payable, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of five percent (5%) on all delinquent contributions; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.11 Upon information and belief, following execution of the Memorandum Agreement, Arete used employees to covered work subject to the Master Labor Agreement. Arete also began its monthly reporting and payment of fringe benefit contributions to the Alaska Carpenters Trust Funds.

3.12 In 2017, Arete was selected for a random audit of its payroll and related business records for the period July 1, 2016 through October 31, 2017. Arete complied with the auditor's request for documents.

3.13 On August 3, 2018, the Alaska Carpenters Trust Funds' auditor released its report. The auditor concluded that Arete owed the Alaska Carpenters Trust Funds $13,003.89, consisting of $8,470.55 in underreported/unpaid fringe benefit contributions, $933.72 in liquidated damages, interest through the audit report date of $920.62, and $2,679.00 in audit fees.

3.14 On November 15, 2018, the Alaska Carpenters Trust Funds' administration office provided Arete with a copy of the audit report, with the opportunity to review and object. The administration office also made demand for payment of the amounts set forth in the audit within thirty (30) days.

COMPLAINT FOR MONETARY DAMAGES – 6
Alaska Carpenters Trust Funds v. Arete Construction Corporation

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:19-cv-00259-JWS   Document 1   Filed 09/26/19   Page 6 of 9

3.15    In a November 21, 2018 letter to the administration office, Arete objected to the conclusions set forth in the audit report.  However, Arete did not provide any additional documentation in support of its objections.

3.16    When Arete failed to provide payment of the audit, it was referred to counsel for collection.

3.17    On March 5, 2019, counsel responded in writing to the issues raised in Arete's November 21, 2018 letter and gave Arete another opportunity to provide additional objections.

3.18    On March 22, 2019, Arete again wrote the administration office, restating its objections to the audit report.  Again, Arete did not provide any additional documentation in support of its objections.

3.19    On March 28, 2019, counsel responding in writing to Arete's March 22, 2019 letter, encouraging the company to reach out to the Union and stating that the Alaska Carpenters Trust Funds would enforce the written terms of the Master Labor Agreement.

3.20    Arete did not respond to counsel's March 28, 2019 letter.

3.21    As of the date of this complaint, Arete has made no payment towards the amounts set forth in the audit report.

## IV.  CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1    The Alaska Carpenters Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.21 above.

4.2    Arete's failure to properly report and pay fringe benefit contributions constitutes breaches of the terms of the Memorandum Agreement and the Master Labor Agreement between

COMPLAINT FOR MONETARY DAMAGES – 7
Alaska Carpenters Trust Funds v. Arete Construction Corporation

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:19-cv-00259-JWS   Document 1   Filed 09/26/19   Page 7 of 9

the Union and Arete, to which the Alaska Carpenters Trust Funds are beneficiaries. Arete's failure to properly report and pay fringe benefit contributions constitutes breaches of the Trust Agreements, the terms of which Arete agreed to when it became signatory to the Master Labor Agreement.

4.3     As a result of Arete's breaches, the Alaska Carpenters Trust Funds have been damaged in an amount to be proven at trial, but not less than the $8,470.55 in underreported/unpaid fringe benefit contributions, plus ancillary charges including liquidated damages, prejudgment interest, attorney fees, and costs of collection.

## Second Cause of Action
## (Violation of ERISA)

4.4     The Alaska Carpenters Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.21 above.

4.5     Arete's failure to report and pay fringe benefit contributions constitutes a violation of §503(a)(3), §515 ERISA, codified at 29 U.S.C. §1132(a)(3), §1145.

4.6     As a result of Arete's violation, the Alaska Carpenters Trust Funds have been damaged in an amount to be proven at trial, but not less than the $8,470.55 in underreported/unpaid fringe benefit contributions, plus ancillary charges including liquidated damages, prejudgment interest, attorney fees, and costs of collection.

## V.  REQUESTED RELIEF

The Plaintiff Alaska Carpenters Trust Funds respectfully request the Court grant the following relief:

   A.    Judgment in favor of the Alaska Carpenters Trust Funds against Arete, in an amount to be determined at trial, but not less than $8,470.55, representing past-due and delinquent fringe benefit contributions owed by Defendant pursuant to the terms of the labor and trust agreements to which Arete is a party;

COMPLAINT FOR MONETARY DAMAGES – 8
Alaska Carpenters Trust Funds v. Arete Construction Corporation

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:19-cv-00259-JWS   Document 1   Filed 09/26/19   Page 8 of 9

B.  Judgment in favor of the Alaska Carpenters Trust Funds against Arete, in an amount to be determined at trial, but not less than $933.72, representing liquidated damages owed by Defendant pursuant to the terms of the labor and trust agreements to which Arete is a party;

C.  Judgment in favor of the Alaska Carpenters Trust Funds against Arete, in an amount to be determined at trial, but not less than $920.62, representing accrued prejudgment interest owed by Defendant pursuant to the terms of the labor and trust agreements to which Arete is a party;

D.  Judgment in favor of the Alaska Carpenters Trust Funds against Arete, in an amount to be determined at trial, but not less than $2,679.00, representing audit fees owed by Defendant pursuant to the terms of the labor and trust agreements to which Arete is a party;

E.  An award of attorney fees of not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which Arete is a party, and as authorized under ERISA, specifically 29 U.S.C. §1132(g)(2)(D);

F.  An award of post-judgment interest at the 12% rate specified by the applicable trust agreement, and as authorized under ERISA, specifically 29 U.S.C. §1132(g)(2); and

G.  Any other such relief under federal law or as is just and equitable.

Dated: September 25, 2019.

s/ Jeffrey G. Maxwell
Jeffrey G. Maxwell, ABA #1705026
McKENZIE ROTHWELL BARLOW
  & COUGHRAN, P.S.
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
jeffreym@mrbclaw.com

Counsel for the Plaintiff
Alaska Carpenters Trust Funds

COMPLAINT FOR MONETARY DAMAGES – 9
Alaska Carpenters Trust Funds v. Arete Construction Corporation

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:19-cv-00259-JWS   Document 1   Filed 09/26/19   Page 9 of 9